IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BANKS, </br></br>        Plaintiff, </br></br></br>PHD JEFFREY A. BEARD, Secretary of the Department of Corrections; JOHN S. SHAFFER, PHD, Exec. Deputy Secretary; DONLAD T. VAUGH, Deputy Secretary; DONALD WILLIAMSON, Chief of Transfer Transportation & Records Bureau of Inmate Services; DR. FREDERICK MAUE, Chief Psychiatrist of Clinical Services; DR. LANCE COUTURIER, Chief Psychologist of Services; SUPERINTENDENT DAVID J. GOOD; MICHAEL F. KNOTT, Deputy Supt. for Facility Management; KAREN NOLAN, Unit Managers S.S.N.U.; FRANCIS PIROZOLLA, Corr. Lieutenant; LADD OWEYO, Chaplaincy Program Director; DAVE ROBERTS, Deputy Supt. For Centralized Services; JAMES HARRINGTON, Chief Psychologist; and JAMIE BOYLE, Major. </br></br>        Defendants. | Civil Action No. 06 - 253J </br></br> Judge Kim R. Gibson/ </br>**Magistrate Judge Lisa** Pupo Lenihan </br></br> Doc. No. 37 |

## ORDER

The above captioned case was transferred to the Western District of Pennsylvania, Pittsburgh Division, from the Middle District of Pennsylvania. Plaintiff filed an 81 page complaint with a variety of claims, ranging from due process violations to religious privilege violations. On May 14, 2007 the Court entered an Order directing Defendants to provide Plaintiff with certain documents relating to his claims. The order further stated that Plaintiff was to advise the Court, no later than June 17, of any further discovery he deems necessary to the prosecution

of this case. On June 29, 2007 the Clerk filed a document entitled "Plaintiff's Request for Production of Documents Directed to Defendants." The Court will interpret this as a Motion for Leave to file further discovery.

Much of the documentation requested is repetitive of what the Court ordered Defendants to provide Plaintiff no later than June 16. If this documentation has not been provided, Defendants are ordered to produce it immediately. Other document requests are extremely broad and not related to the present complaint. For example, Plaintiff requests "a complete copy" of his disciplinary file, custody file, and prison file. (Requests 5,6,7). He does not state to the Court why this documentation is necessary to the further prosecution of his case. To the extent that those files contain information relevant to the claims presently before the court, the request for discovery is granted.

**Request 9 is denied** as that information is irrelevant to the present action and is not likely to lead to relevant information.

**Request 14 is denied** as irrelevant to the present action and not likely to lead to relevant information. It also places the security of the Defendants in jeopardy and is an invasion in their privacy. Plaintiff has the burden of convincing the Court why this information is relevant and the need for it overrides the impact on defendants' privacy interest.

**Request 15 is denied** as overly broad. If Plaintiff wishes to request specific policies that relate to the allegations in his complaint, he may do so by motion.

**Requests 16 and 17 are denied** as they set forth a conclusion of law and are not a request for documents. Defendants were already ordered to provide documents in their posse4ssion concernign the incidents alleged in the complaint,. Should Plaintiff have additional

documents he believes are necessary he may file a motion requesting leave to request same.

Subject to any objections made available pursuant to the Federal Rules on Discovery, the remaining requests are **granted**. Therefore,

**IT IS ORDERED** this 17th day of July, 2007, that Plaintiff's Motion for Leave to serve additional discovery requests is **GRANTED** in part and **DENIED** in part as more specifically set forth above.

**IT IS FURTHER ORDERED** that Defendants are to consider these requests served as of this date. Responses shall be due no later than August 6, 2007.

**IT IS FURTHER ORDERED** that Plaintiff shall, no later than August 10, 2007, advise the Court of any further discovery he deems necessary, outlining the reasons the discovery is necessary to the prosecution of his case.

**IT IS FURTHER ORDERED** that all other deadlines remain as previously ordered.

**IT IS FURTHER ORDERED** that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrate judges.  Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Ronald Banks
DZ - 5843
S.C.I. Fayette
50 Overlook Drive
P.O. Box 9999
LaBelle, PA 15450-1050