IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BANKS et al., | ) |
| | ) |
| | ) Civil Action No. 06-253J |
| | ) Judge Terrence McVerry |
| Plaintiffs, | ) Magistrate Judge Lenihan |
| | ) |
| vs. | ) |
| | ) Doc. Nos. 10, 11, 39, 40 |
| | ) |
| JEFFREY A. BEARD, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this 9th day of July, 2007, in response to plaintiffs' motions to appoint counsel, the court finds that appointment of counsel may be warranted in this matter, particularly as plaintiffs are attempting to have the court certify the action as a Class action.

However, 28 U.S.C. §1915(e)(1) does not authorize the court to "appoint" counsel; it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. *See* Mallard v. United States District Court, 490 U.S. 296 (1989). The court will therefore, attempt to locate competent counsel willing to accept this pro bono representation, while cautioning plaintiffs that this is not a guarantee that counsel will be located and encouraging plaintiffs to continue in their attempts to find counsel willing to represent them.

In addition, Plaintiff has filed two motions requesting class certification. Plaintiffs aver that an Order certifying the matter as a class action under Fed. R. Civ. P. 23(a) is appropriate because this action meets the first three requirements under the Rule, *i.e.*,:

(i) joinder of all members is not practicable; class membership, *i.e.*, prisoners currently or prospectively housed in the LTSU, is fluid; and many class members are illiterate, poorly educated or have little access to lawyers;

(ii) common questions of law or fact predominate; and

(iii) the claims of the representative parties are typical of those of other class members.

As to the fourth element of certification under Rule 23(a), adequacy of representation, Plaintiffs' Motions for Class Certification simply reiterate Plaintiffs' request for appointment of counsel. As more fully set forth in this Order, the Court is making inquiry regarding counsel on Plaintiffs' behalf. The Court also expects that Plaintiffs, if they remain persuaded of the merits of their action, will seek to obtain counsel.

In the interim, it is clear that Plaintiffs cannot themselves adequately represent the proposed class and that, therefore, the Motions for Class Certification must be denied without prejudice. See Hassine v. Jeffes, 846 F.2d 169, 179 (3d Cir. 1988) (holding that plaintiffs must have qualified and experienced counsel); Death Row Prisoners of Pennsylvania v. Ridge, 169 F.R.D. 618 (E.D. Pa. 1996) (certifying class where counsel was qualified and experienced in conducting the proposed litigation).[1] In the event Plaintiffs obtain counsel, or

---

[1] See also Maldonado v. Turhune, 28 F. Supp.2d 284 (D.N.J. 1998) (noting, in denying class certification, that a pro se prisoner cannot himself adequately represent a class); Skundor v.
(continued...)

this Court identifies counsel interested in pursuing this action on Plaintiffs' behalf, said Motion will be subject to reinstatement on formal written request from counsel to the Court. See Inmates of the Bucks County Correctional Facility v. County of Bucks, 2004 WL 2958427, *1 (E.D. Pa. Dec. 20, 2004) (noting that Court had previously dismissed Motion for Class Certification without prejudice and subject to same conditions). Therefore,

**IT IS ORDERED** that, Plaintiff's Motions for Appointment of Counsel (Doc. No. 11, 40) are **GRANTED**, and pursuant to 28 U.S.C.§1915(e)(1) and the order of court dated March 24, 1999, entered pursuant to the resolution of the Board of Judges of the United States District Court for the Western District of Pennsylvania In re: Funding of Plan for the Appointment of Counsel in Select Pro Se Prisoner Civil Rights Actions (Miscellaneous No. 99-95), the Allegheny County Bar Foundation of the Allegheny County Bar Association is directed to request a lawyer to consider entering an appearance on behalf of the plaintiff in the above-captioned case;

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to provide the Allegheny County Bar Foundation with a copy of the complaint, all answers and pretrial narrative statements should same exist and shall provide counsel with any additional pleadings or documents as requested by counsel.

---

[1](...continued)
Coleman, 2003 WL 22088342, *2 n. 5 (S.D.W.Va. July 31, 2003) ("Class actions are not appropriate . . . when a plaintiff is acting pro se.") (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). This Court concurs with the Fourth Circuit's assessment that "the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." Oxendine, 509 F.2d at 1407.

**IT IS FURTHER ORDERED** that the Clerk of Courts is to advise any potential counsel that this request is not limited to trial purposes but it is for counsel to determine if he or she is willing to pursue a class action on behalf of the named plaintiffs.

**IT IS FURTHER ORDERED** that, Plaintiff's Motions for Class Certification (Doc. Nos. 10, 39) are **DENIED** without prejudice;

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service of a copy of this Order to file objections to this Order. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: July 9, 2007

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:   Ronald Banks
      DZ-5843
      SCI Fayette
      50 Overlook Dr.
      LaBelle, PA 15450-1050