IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BANKS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PHD JEFFREY A. BEARD, Secretary of the Department of Corrections; JOHN S. SHAFFER, PHD, Exec. Deputy Secretary; DONLAD T. VAUGH, Deputy Secretary; DONALD WILLIAMSON, Chief of Transfer Transportation & Records Bureau of Inmate Services; DR. FREDERICK MAUE, Chief Psychiatrist of Clinical Services; DR. LANCE COUTURIER, Chief Psychologist of Services; SUPERINTENDENT DAVID J. GOOD; MICHAEL F. KNOTT, Deputy Supt. for Facility Management; KAREN NOLAN, Unit Managers S.S.N.U.; FRANCIS PIROZOLLA, Corr. Lieutenant; LADD OWEYO, Chaplaincy Program Director; DAVE ROBERTS, Deputy Supt. For Centralized Services; JAMES HARRINGTON, Chief Psychologist; and JAMIE BOYLE, Major.<br><br>　　　　　Defendants. | Civil Action No. 06 - 253J<br><br>Judge Joy Flowers Conti /<br>Magistrate Judge Lisa Pupo<br>Lenihan |

**ORDER**

　　　　A brief history of this case is necessary to outline what has occurred and to clarify the course of action the Court intends to pursue as to Plaintiff's claims. This case was transferred from the Middle District of Pennsylvania on November 30, 2006, proper service was effectuated, and the Defendants filed an Answer (Doc. No. 35) on May 14, 2007. The Court issued a Case Management Order (Doc. No. 36) on May 14, 2007 that established deadlines for discovery and for dispositive motions. Shortly after the close of discovery, Plaintiff filed a Motion for Class Certification and a Motion for Appointment of Counsel (Doc. Nos. 39 and 40). The Court issued

an Order (Doc. No. 43) July 9, 2007, that denied Plaintiff's request for class certification, but directed the Allegheny County Bar Foundation of the Allegheny County Bar Association to request a lawyer to consider entering an appearance for the Plaintiff for the purposes of pursuing class action claims on behalf of the named Plaintiffs. The Court scheduled a Status Conference (Doc. No. 53) that was held August 16, 2007, where it was brought to the attention of the Court that Plaintiff is pursuing identical claims at Civil Action 02-1533, which is currently pending before Judge Joy Flowers Conti. A review of both complaints revealed that the majority of the allegations were identical to those currently being litigated in front at Civil Action 02-1533. There was one additional allegation of violations of Plaintiff's religious freedom in the immediate action. This case was then reassigned from Judge Terrence McVerry to Judge Joy Flowers Conti, as this case should have been marked related to 02-1533 when it was received from the Middle District of Pennsylvania. The Court entered a Report and Recommendation (Doc. No. 58) that recommended all claims in the complaint, except Plaintiff's religious freedom claims, be dismissed as being the same claims raised and being litigated in Civil Action No 02-1533. Plaintiff filed timely Objections (Doc. No. 61) on September 28, 2007. No further action has been taken on the Court's report and recommendation.

The procedural history of this case clearly shows the dilemma facing the Court at this time. As Plaintiff's two cases will not be consolidated, the dismissing of the claims in this case may be premature. Judge Conti has issued a scheduling order in the case before her that should have dispositive motions fully briefed no later than January 30, 2008. Therefore, the Court will stay any ruling on the non-religious claims in the case at this time. Once the claims in civil action 02-1533 are adjudicated, the Court will re-visit how to proceed with Plaintiff's non-

religious claims in this case. Until that time, the focus of this case shall be exclusively on the Plaintiff's religious freedom claims. A scheduling order will be entered requiring the parties to file dispositive motions addressing only these claims commencing at paragraph 20 of the Complaint.

Since the non-religious claims raised in this case are not being dismissed but rather held in abeyance until resolution of Plaintiff's other litigation, no motions regarding non-religious claims will be entertained by the Court. Any motion filed that violates this directive will be immediately dismissed without prejudice.

Finally, the circumstances of this case have changed dramatically since the Court requested the Allegheny County Bar Foundation of the Allegheny County Bar Association to request a lawyer to consider entering an appearance on behalf of the Plaintiff. With the non-religious claims giving rise to the request for class certification stayed, there seems to be no need for an appointment of counsel. The portion of the Order (Doc. No. 43) of July 9, 2007, that granted Plaintiff's request for counsel will be vacated, with the balance of the order remaining in effect. Plaintiff's Motions for Appointment of Counsel (Doc. Nos. 11 and 40) will be denied without prejudice, as will any future motion for appointment of counsel that pre-dates a ruling on dispositive motions. Therefore,

**IT IS ORDERED** this 16th day of November, 2007, that the Report and Recommendation (Doc. No. 58) dated September 24, 2007, is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's non-religious claims are **STAYED**. This case will proceed exclusively on the pending religious violations claims.

**IT IS FURTHER ORDERED** that the parties in this case refrain from filing any motion

3

that deals with Plaintiff's pending non-religious claims.  Any motion filed dealing with these claims will be dismissed without prejudice.   Repeated attempts to file motions in this regard will be met with sanctions.

**IT IS FURTHER ORDERED** that Order (Doc. No. 43) dated July 9, 2007, is **VACATED IN PART**.  The portion of the order that granted Plaintiff's Motions for Appointment of Counsel (Doc. Nos. 11 and 40) is vacated, with the balance of the order to remain in effect.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. No. 59) is **GRANTED**.  Plaintiff may file an amended complaint only addressing those issues that are not already plead at Civil Action 02-1533, on or before December 17, 2007.  Failure to file an amended complaint by December 17, 2007, will result in the Court issuing a scheduling order regarding dispositive motions on the original complaint.

**IT IS FURTHER ORDERED** that Defendants' Motion for Extension of Time (Doc. No. 60) is **GRANTED**.  The Court will enter a new scheduling order on the non-stayed claims in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Compel Discovery (Doc. Nos. 55 and 56) are **GRANTED** in part and **DENIED** in part. To the extent that Defendant's are in possession of medical records that relate to Plaintiff's religious freedom claims, those are to be provided by December 15, 2007. To the extent that Defendant's are in possession of misconducts, grievances or other documents that relate to Plaintiff's religious freedom claims, those are to be provided by December 15, 2007. Portions of the inmate manuals or other procedural manuals or documents dealing with an inmate's exercise of religious freedom as are

alleged to have been violated in this case are to be produced by December 15, 2007. The remainder of Plaintiff's motions to compel are denied without prejudice as not being relevant to the religious freedom claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for In Camera Review (Doc. Nos. 55 and 56) are **DENIED** without prejudice to reassert in the event that Defendant's refuse to provide materials relevant to Plaintiff's religious claims under the grounds that provision of same would be a threat to institutional security.

**IT IS FURTHER ORDERED** that Defendants' Motion for extension of time to file summary judgement (Doc. No. 64) is granted. A scheduling order for the filing of dispositive motions will following the filing of a response to the Amended Complaint.

**IT IS FURTHER ORDERED** that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of issuance of this Order to file a notice of appeal, which includes the basis for objection to this Order. Any party opposing the appeal shall have ten (10) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

        s/Lisa Pupo Lenihan
        Lisa Pupo Lenihan
        United States Magistrate Judge

cc: Ronald Banks
DZ - 5843
S.C.I. Fayette
50Overlook Drive
P.O. Box 9999
LaBelle, PA 15450-1050

Counsel of record.