IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BANKS, | ) |
|     PLAINTIFF, | ) C.A. No. 06- 253 |
| | ) |
| v. | ) District Judge Joy Flowers Conti |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| JEFFREY A. BEARD, JOHN S. | ) |
| SHAFFER, DONALD T. VAUGHN, | ) |
| DONALD WILLIAMSON, | ) |
| DR. FREDERICK MAUE, DR, LANCE | ) |
| COUTURIER, SUPERINTENDENT | ) |
| DAVID J. GOOD, MICHAEL F. | ) |
| KNOTT, KAREN NOLAN, FRANCIS | ) |
| PIROZOLLA, LADD OWEYO, DAVE | ) |
| ROBERTS, JAMES HARRINGTON, | ) |
| JAMIE BOYLES, | ) |
| | ) |
|     DEFENDANTS. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that Defendants' Motion to Dismiss, or in the alternative, Motion to Strike Amended Complaint (doc. no. 83) be granted as to all claims in the Amended Complaint except Plaintiff's individual religious freedom claims.

**II.  REPORT**

Plaintiff is a prisoner currently confined at the State Correctional Institution at Fayette, Pennsylvania. On October 25, 2006, in the United States District Court for the Middle District of Pennsylvania, Plaintiff filed a complaint alleging violations of 42 U.S.C § 1983 with regard to the conditions of confinement in the Long term Segregation Unit at SCI-Fayette. On November 30, 2006, the Middle District Court transferred this complaint to the United States

1

District Court for the Western District of Pennsylvania and it was referred to Magistrate Judge Lisa Pupo Lenihan for pre-trial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Subsequently, Plaintiff filed two motions for class certification (doc. nos. 10 and 39) and two motions for appointment of counsel (doc. nos. 11 and 40). On July 9, 2007, this Court issued an Order (doc. no. 43) denying Plaintiff's Motions to Certify a Class Action but granting his Motions for Appointment of Counsel and directed the Allegheny County Bar Foundation of the Allegheny County Bar Association to request a lawyer to consider entering an appearance on behalf of the Plaintiff to determine if he or she is willing to pursue a class action.[1]

The Court scheduled a Status Conference (doc. no. 53) that was held on August 16, 2007, where it was brought to the attention of the Court that Plaintiff was pursuing identical claims at Civil Action 02-1533, which was pending before Judge Joy Flowers Conti. A review of both complaints revealed that the majority of the allegations were identical to those being litigated in front at Civil Action 02-1533. The only claims not raised in Civil Action No. 02-1533 were his religious freedom claims wherein he alleges that he and other prisoners have been denied reasonable accommodations for their religious requests, including the ability to obtain a Qur'an, a prayer rug, and a clock to inform him and other prisoners of the correct time to pray during the month of Ramadan. He further avers that he was denied the ability to wear a kufee, a religious garment and that the prison failed to provide an Islamic chaplain. This case was then reassigned from Judge Terrence McVerry to Judge Joy Flowers Conti.

---

[1]This Order was not pursued as the Court subsequently discovered that Plaintiff had previously filed the same claims in another case and therefore these claims were barred. He was given pro bono counsel in that matter.

On November 16, 2007, this Court issued an order staying Plaintiff's non-religious claims and holding that this case would proceed exclusively on the pending religious violations claims (doc. no. 65). It further ordered the parties in this case to refrain from filing any motion dealing with Plaintiff's pending non-religious claims and informed the parties that any motion filed dealing with these claims would be dismissed without prejudice and possibly met with sanctions. The Order further granted Plaintiff leave to file an amended complaint only addressing those issues that are not already pleaded at Civil Action 02-1533.

On February 21, 2008, Plaintiff filed an Amended Complaint (doc. no. 81). contrary to this court's Order Plaintiff reasserted the non-religious Eighth Amendment and deliberate indifference claims he asserted in his previous action at Civil Action No. 02-1533 and again purports to bring these claims as a class action. Defendants' Motion followed.

### A. Plaintiff's Ability to Proceed as a Class Action

It is clear that *pro se* Plaintiffs cannot adequately represent a proposed class. *See* Hassine v. Jeffes, 846 F.2d 169, 179 (3d Cir. 1988) (holding that plaintiffs must have qualified and experienced counsel); Death Row Prisoners of Pennsylvania v. Ridge, 169 F.R.D. 61 8 (E.D. Pa. 1996) (certifying class where counsel was qualified and experienced in conducting the proposed litigation). In the event Plaintiff obtains counsel, he may seek class certification as to his religious freedom claims. *See* Inmates of the Bucks County Correctional Facility v. County of Bucks 2004 WL 2958427, * 1 (E.D. Pa. Dec. 20, 2004). As Plaintiff has already litigated these claims in 02-1533, there is no reason for the Court to attempt to find pro bono counsel to represent the class. Therefore, Plaintiff's claims for class certification should be dismissed at this time.

### B. Preclusion of Plaintiff's Non-Religious Claims

Plaintiff is precluded from pursuing his non-religious claims in the instant action under the doctrine of claim preclusion. "Issue preclusion" (also known as collateral estoppel) bars relitigation of issues adjudicated in a prior action. Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1074 (3d Cir. 1990). The Court of Appeals for the Third Circuit has declared that "issue preclusion embodies the principle that 'later courts should honor the first actual decision of a matter that has been actually litigated.'" Rider v. Pennsylvania, 850 F.2d 982, 989 (3d Cir. 1988). Under issue preclusion, a plaintiff is prevented from pursuing an issue provided the following four conditions are met.

1. The issue is the same as that involved in a prior action.

2. The issue actually was litigated.

3. The issue was determined by a final and valid judgement.

4. The determination was essential to the prior judgment.

Burlington N. R.R. Co. v. Hyundai Merchant Marine Co., 63 F.3d 1227, 1231-32 (3d Cir. 1995) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). Complete identity of parties in the two suits is not required for the application of issue preclusion. *Id.* at 1232.

On April 16, 2008, Plaintiff settled his case at Civil Action No. 02-1533 by a Stipulation and Order that the case was dismissed with prejudice (doc. no. 128). A dismissal with prejudice is a judgment on the merits for purposes of claim preclusion. *See* Pactiv Corp. v. Dow Chem. Co., 449 F.3d 1227, 1231 (Fed. Cir. 2006); Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir.1972) ( "[d]ismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial") ( citing Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 327 (1955). 21 A Fed. Proc, L.Ed. § 51:246 (2006) (a dismissal with prejudice

generally constitutes a judgment on the merits for claim preclusion purposes).

Moreover, under the doctrine of claim preclusion, Plaintiff is precluded from seeking recovery against Defendants in the instant action under any new theory of liability that he did not raise in his previous action but was available at the time he filed his previous action. "Claim preclusion" (also known as *res judicata*) gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have been raised. Swineford v. Snyder County Pennsylvania, 15 F.3d 1258 (3d Cir. 1994). Accordingly, Plaintiff is precluded from relitigating his non-religious claims in the present action.

### III.     CONCLUSION

For the reasons set forth above, it is respectfully recommended Defendants' Motion to Dismiss (doc. no. 83) be granted to the extent that all claims in the Amended Complaint, except Plaintiff's individual religious freedom claims, be dismissed as being the same claims raised and litigated in Civil Action No 02 - 1533.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have 10 days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated:      August 19, 2008

cc:         The Honorable Joy Flowers Conti

United States District Judge

RONALD BANKS
DZ-5843
S.C.I. Fayette
50 Overlook Drive
P.O. Box 9999
La Belle, PA 15450-1050