IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BANKS, | ) |
| Plaintiff, | ) Civil Action No. 06 - 253J |
| | ) Judge Joy Flowers Conti |
| v. | ) |
| JEFFREY A. BEARD, Secretary of the Department of Corrections; DAVID J. GOOD, Superintendent; MICHAEL F. KNOTT, Deputy Supt.; KAREN NOLAN, Unit Manager; FRANCIS PIROZOLLA, Corr. Lieutenant; and LADD OWEYO, Chaplaincy Program Director. | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

A brief history of this case is necessary to outline what has occurred and to clarify the course of action the court intends to pursue with respect to the claims of plaintiff Ronald Banks ("plaintiff"). This case was transferred from the Middle District of Pennsylvania on November 30, 2006, proper service was effectuated, and defendants Jeffrey A. Beard, David J. Good, Michael F. Knott, Karen Nolan, Francis Pirozolla, and Ladd Oweyo ("defendants") filed an answer (Doc. No. 35) on May 14, 2007. The court issued a case management order (Doc. No. 36) on May 14, 2007, that established deadlines for discovery and for dispositive motions. Shortly after the close of discovery, plaintiff filed a Motion for Class Certification and a Motion for Appointment of Counsel (Doc. Nos. 39-40). The court issued an Order (Doc. No. 43) dated July 9, 2007, that denied plaintiff's request for class certification, but directed the Allegheny County Bar Foundation of the Allegheny County Bar Association to request a lawyer to consider entering an appearance for plaintiff for the purpose of pursuing class action claims on behalf of

the named plaintiffs. The court scheduled a status conference (Doc. No. 53) that was held August 16, 2007, where it was brought to the attention of the magistrate judge that plaintiff was pursuing identical claims at Civil Action 02-1533 with respect to his conditions of confinement at SCI-Pittsburgh. A review of both complaints revealed additional allegations of violations of plaintiff's religious freedom in the immediate action, but that all non-religious violation claims were similar to those currently being litigated in Civil Action 02-1533. This case was reassigned because this case should have been marked related to 02-1533 when it was received from the Middle District of Pennsylvania.

On November 16, 2007, this court granted plaintiff leave to file an amended complaint addressing those issues not already pleaded at Civil Action 02-1533. On February 21, 2008, plaintiff filed an amended complaint (Doc. No. 81) in which he purported to file a class action pertaining to his conditions of confinement in the long term segregation unit at the state correctional institution in Cresson, Pennsylvania. On February 29, 2008, defendants filed a motion to dismiss the amended complaint on the basis that plaintiff's amended complaint failed to state a class action and that his amended complaint reasserted his claims set forth in Civil Action No. 02-1533 (Doc. Nos. 83-84). On August 19, 2008, the magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 95) that recommended that defendants' motion to dismiss the amended complaint be granted with respect to all claims except plaintiff's individual religious freedom claims. On September 19, 2008, plaintiff filed objections to the R&R. (Doc. No. 102).

Plaintiff raises essentially two objections. First, he complains that his amended complaint should be certified as a class action. In order for a court to certify a class action the

named plaintiff must prove that he meets the requirements of numerosity, commonality, typicality, and adequacy of representation. FED.R.CIV.P. 23. A class action can be maintained only if the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). In this case, plaintiff is unable to satisfy the adequacy of representation factor because he is without sufficient legal education. See Krebs v. Rutgers, 797 F.Supp. 1246, 1261 (D.N.J. 1992) (denied class certification where pro se plaintiffs lacked legal education). "Pro se plaintiffs are not favored as representative parties in a class action, as they generally cannot represent and protect the interests of the class fairly and adequately." Caputo v. Fauver, 800 F.Supp. 168, 170 (D.N.J.1992), *aff'd*, 995 F.2d 216 (3d Cir.1993) (table decision) (stating that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action"); Cahn v. United States, 269 F.Supp.2d 537, 547 (D.N.J.1992); see Whalen v. Wiley, No. 06-809, 2007 WL 433340, at *2 (D. Col. Feb. 1, 2007) (citing Wallace v. Hutto, 80 F.R.D. 739, 740 (W.D. Va. 1978), for its holding that it is plain error to permit a pro se inmate litigant to represent fellow inmates).

Plaintiff cannot represent a class because he lacks the requisite legal skills to do so. Should the court determine that plaintiff's claims merit seeking the appointment of counsel, it can revisit the issue of class certification at that time or if plaintiff finds counsel willing to undertake a class action, the court will consider certifying a class at that time. At the present time, however, the magistrate judge was correct in recommending that defendants' motion to dismiss the amended complaint as a class action be granted.

Plaintiff next objects to the magistrate judge's conclusion that defendants' motion to dismiss plaintiff's amended complaint should be granted on the basis that it reasserted the same non-religious claims litigated in Civil Action No. 02-1533. In this regard, plaintiff points out that the non-religious claims raised in his amended complaint pertain to his confinement at SCI-Cresson while the claims raised in Civil Action No. 02-1533 pertained to his confinement at SCI-Pittsburgh. This court agrees that plaintiff's claims in his amended complaint are not barred by *res judicata* to the extent that they pertain to his confinement at SCI-Cresson. Thus, defendants' motion to dismiss should not be granted on this basis. An appropriate order follows.

**AND NOW**, this 29th day of September, 2008:

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 83) is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is **GRANTED without prejudice** with respect to Defendants' claim that plaintiff's amended complaint cannot be maintained as a class action and **DENIED** with respect to defendants' claim that plaintiff's amended complaint contains the same non-religious claims set forth in Civil Action No. 02-1533.

**IT IS FURTHER ORDERED** that the Report and Recommendation dated August 19, 2008 (Doc. No. 95) is **ADOPTED ONLY AS TO THE RECOMMENDATION** to grant defendants' motion to dismiss plaintiff's amended complaint as a class action; the court does not adopt that portion of the Report that recommended defendants' motion to dismiss plaintiff's non-religious claims be granted.

**IT IS FURTHER ORDERED** that this matter is remanded back to the magistrate judge for further pre-trial proceedings.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc: Ronald Banks
DZ - 5843
S.C.I. Fayette
50 Overlook Drive
P.O. Box 9999
LaBelle, PA 15450-1050