IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD BANKS, ) | |
|                 PLAINTIFF, ) | C.A. No. 06- 253J |
| ) | |
| v. ) | |
| ) | |
| JEFFREY A. BEARD, JOHN S. ) | |
| SHAFFER, DONALD T. VAUGHN, ) | |
| DONALD WILLIAMSON, ) | |
| DR. FREDERICK MAUE, DR, LANCE ) | |
| COUTURIER, SUPERINTENDENT ) | |
| DAVID J. GOOD, MICHAEL F. ) | |
| KNOTT, KAREN NOLAN, FRANCIS ) | |
| PIROZOLLA, LADD OWEYO, DAVE ) | |
| ROBERTS, JAMES HARRINGTON, ) | |
| JAMIE BOYLES, ) | |
| ) | |
|                 DEFENDANTS. ) | |

**MEMORANDUM ORDER**

CONTI, District Judge

       This case filed by plaintiff Ronald Banks ("Banks" or "plaintiff") was transferred from the United States District Court for the Middle District of Pennsylvania on November 30, 2006, and referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

       A magistrate judge's report and recommendation (Docket No. 178), filed on November 13, 2009, recommended that the motion for summary judgment (Docket No. 158) filed by defendants Jeffrey A. Beard ("Beard"), John S. Shaffer ("Shaffer"), Donald T. Vaughn ("Vaughn"), Donald Williamson ("Williamson"), Dr. Frederick Maue ("Maue"), Dr. Lance Couturier ("Couturier"), Superintendent David J. Good ("Good"), Michael F. Knott "(Knott"), Karen Nolan

("Nolan"), Francis Pirozolla ("Pirozolla"), Ladd Oweyo ("Oweyo"), Dave Roberts ("Roberts"), James Harrington ("Harrington"), and Jamie Boyles ("Boyles") (collectively, "defendants") be granted except as to plaintiff's equal protection claims under the Fourteenth Amendment regarding defendants' denial of his hard cover Qu'ran and his religious headgear while he was in custody at SCI-Cresson. This court adopted this recommendation, as clarified, in the Order dated March 5, 2010 (Docket No. 185).

In the meantime, on November 23, 2009, defendants filed a motion for clarification (Docket No. 180) wherein they pointed out that the alleged denial of Plaintiff's hardcover Qu'ran and his religious headgear was alleged to have occurred at SCI-Cresson and did not seek to impose liability against Shaffer, Vaughn, Williamson, Maue, Couturier, Roberts, Harrington, and Boyles as these individuals were not at SCI-Cresson during the relevant time period. The motion further argued that plaintiff's allegations did not seek to impose liability against defendant Beard. Consequently, defendants sought an order dismissing defendants Beard, Shaffer, Vaughn, Williamson, Maue, Couturier, Roberts, Harrington, and Boyles from the case with prejudice, and striking those defendants from the docket. The remaining defendants would be Good, Knott, Nolan, Pirozzola and Oweyo.

On February 17, 2010, the magistrate judge filed a report and recommendation (Docket No. 183) recommending that the motion for clarification (Docket No. 180) filed by defendants be granted and that defendants Beard, Shaffer, Vaughn, Williamson, Maue, Couturier, Roberts, Harrington, and Boyles be dismissed from the case with prejudice.

Plaintiff filed objections to the report and recommendation on February 25, 2010 (Docket No. 184). In these objections, Banks agrees that defendants Shaffer, Vaughn, Williamson,

2

Maue, Couturier, Roberts, Harrington, and Boyles be dismissed from the case, but argues that defendant Beard should not be dismissed on the basis that he is the policy maker for the Pennsylvania Department of Corrections ("DOC").

To establish personal liability against a defendant in a § 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Id. see Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Another basis upon which a supervising public official may be liable under § 1983 is when a supervisor knowingly permits a continuing custom or policy that results in harm to the plaintiff. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989). In order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinates' violations. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

With regard to supervisory liability, the Court of Appeals for the Third Circuit set forth

the standard for imposing liability against a supervisor under § 1983 in Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989). Relying on the precepts set forth by the United States Supreme Court in City of Canton v. Harris, 489 U.S. 378 (1989), the court of appeals in Sample noted that "a 'person' is not the 'moving force [behind] the constitutional violation' of a subordinate, . . . unless that 'person'–whether a natural one or a municipality–has exhibited deliberate indifference to the plight of the person deprived." Sample, 885 F.2d at 1118 (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989)). The court commented that in order to establish supervisory liability, the plaintiff must identify a specific supervisory practice or procedure that the defendant failed to employ, that the existing custom or practice without that specific practice or procedure created an unreasonable risk of harm, that the defendant was aware that this unreasonable risk existed, that the defendant was indifferent to that risk, and that the plaintiff's harm resulted from the defendant's failure to employ that supervisory practice or procedure. Id. at 1118. With respect to causation, the court of appeals concluded as follows:

> On remand, the district court should bear in mind that under the teachings of City of Canton it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did. The district court must insist that [the plaintiff] identify specifically what it is that [the defendant] failed to do that evidences his deliberate indifference. Only in the context of a specific defalcation on the part of the supervisory official can the court assess whether the official's conduct evidenced deliberate indifference and whether there is a close causal relationship between the "identified deficiency" and the "ultimate injury."

Sample, 885 F.2d at 1118.

To establish liability on a failure to train theory, plaintiff must set forth specific allegations that the need for more or different training was so obvious and so likely to lead to the

violation of constitutional rights that the policymaker's failure to respond amounts to deliberate indifference. Brown v. Muhlenberg Township, 269 F.3d 205, 216 (3d Cir. 2001) (citing City of Canton, 489 U.S. at 390).

The record does not support liability against Beard on the basis of any failure to properly train or failure to promulgate appropriate policies. Specifically, plaintiff did not identify any specific training, supervision or disciplinary actions that were deficient. Plaintiff makes only conclusory statements to support his argument that Beard should be liable. See Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) ("[T]he record before us is critically deficient of evidence on which a jury reasonably could have based its conclusion that [the municipality] was deliberately indifferent to the need to train . . . and that this failure to train was the actual cause of the plaintiffs' injuries.").

Simply stated, there is no evidence before this court upon which to hold defendant Beard liable based on any custom or policy or any theory of failure to train or promulgate policy. Under those circumstances, plaintiff can not establish that Beard was the "moving force" behind a constitutional violation. See Startzell v. City of Phila., 533 F.3d 183, 204 (3d Cir.2008). Accordingly, the motion for clarification will be granted in its entirety. An appropriate order follows.

After de novo review of the pleadings and the documents in the case, together with the report and recommendation, and the objections thereto, the following order is entered:

**AND NOW**, this 17th day of March 2010;

**IT IS HEREBY ORDERED** that defendants' motion for clarification (Docket No. 180) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Jeffrey A. Beard, John S. Shaffer,

Donald T. Vaughn, Donald Williamson, Dr. Frederick Maue, Dr. Lance Couturier, Dave Roberts, James Harrington, and Jamie Boyles are **DISMISSED** from the case with prejudice.

**IT IS FURTHER ORDERED** that the clerk of court is directed to strike defendants Jeffrey A. Beard, John S. Shaffer, Donald T. Vaughn, Donald Williamson, Dr. Frederick Maue, Dr. Lance Couturier, Dave Roberts, James Harrington, and Jamie Boyles from the docket.

**IT IS FURTHER ORDERED** that the report and recommendation of the magistrate judge dated February 17, 2010 (Docket No. 183) is **ADOPTED** as the opinion of the court.

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge


Ronald Banks, DZ-5843
SCI Retreat
660 State, Route 11
Hunlock Creek, PA 18621-3136