IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD BANKS, | ) | |
| PLAINTIFF, | ) | C.A. No. 06- 253 |
| | ) | |
| v. | ) | District Judge Joy Flowers Conti |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT DAVID J. GOOD | ) | |
| MICHAEL F. KNOTT, KAREN NOLAN, | ) | |
| FRANCIS PIROZOLLA, and  LADD | ) | |
| OWEYO, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Clarification of Plaintiff's Motion for

Preliminary Injunction (ECF No. 199) be denied.

### II. REPORT

Plaintiff is a prisoner previously confined in the Secure Special Needs Unit (SSNU) at the State

Correctional Institution at Retreat, which is located in Hunlock Creek, Pennsylvania.  His Amended

Complaint (ECF No. 81) alleged violations of 42 U.S.C. § 1983 as well as the Religious Land Use and

Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a), with regard to the conditions of

confinement in the Long Term Segregation Unit (LTSU) and the Special Management Unit (SMU) at

SCI-Fayette and the SSNU at SCI-Cresson and other state correctional institutions.  On November 13,

2010, this Court issued a Report and Recommendation that the Defendants' Motion for Summary Judgment

be granted except as to Plaintiff's equal protection claims regarding Defendants' denial of his hard cover

Qu'ran and his religious headgear, which was alleged to have occurred at SCI-Cresson. On March 5, 2010,

the Honorable Joy Flowers Conti granted Defendants' Motion for Summary Judgment except as to

1

Plaintiff's equal protection claims regarding Defendants' denial of his hard cover Qu'ran and his religious

headgear and adopted the Report and Recommendation as the Opinion of the Court (ECF No. 185). The

only remaining defendants in this action are Superintendent David Good; Deputy Superintendent Michael

F. Knott, Unit Manager Karen Nolan, Correctional Lieutenant Francis Pirozolla, and Facility Chaplaincy

Program Director Ladd Oweyo, all of whom are employees at the State Correctional Institution at Cresson.

Presently pending before the Court is a Request for a preliminary injunction filed by Plaintiff. In

his Motion, Plaintiff complains about the medical staff at the State Correctional Institution at Somerset

alleging that that they are not adequately treating his Type II Diabetes.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The

party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of

success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction

will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served

by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir.

1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v.

Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir.1990). The Court should issue the

injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors

favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226

(3d Cir. 1987)). The purpose of the preliminary injunction is to preserve the status quo until the rights of

the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the

principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive

relief is an "extraordinary remedy which should be granted only in limited circumstances." American

Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting

Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*,

514 U.S. 1103 (1995).

Instantly, there are two major problems with Plaintiff's request for injunctive relief. First of all, the only viable claims left in the operative complaint concern the denial of Plaintiff's hard cover Qu'ran and his religious headgear. Plaintiff is currently at SCI-Somerset and seeks an injunction concerning medical care; relief that is not requested or at all related to the remaining claims. This is not permissible. *See, e.g.*, Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Spencer v. Stapler, Civ. No. 04-1532, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., Civ. No. 96-1128, 1996 WL 255912, *1, (E.D. La. May 13, 1996)("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."); Williams v. Platt, 2006 WL 149024, *2 (W.D. Okla. Jan. 18, 2006) ("The complaint addresses two matters at the Logan County Jail: (1) the denial of medical treatment between March and June 2001; and (2) the promotion of an inmate assault on November 8, 2001. In his requests for injunctive relief, the Plaintiff addresses matters at a separate facility, involving harassment, conspiracy, denial of a bottom bunk, and confiscation of legal materials. A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.")(footnotes omitted).

Moreover, there is a "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir.1996) (citing Scott v. Donald, 165 U.S. 107, 117 (1897) ("The decree

is also objectionable because it enjoins persons not parties to the suit.")). Indeed, courts have refused to issue injunctions against non-parties. *See* U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC, 523 F.Supp.2d 328, 334-35 (S.D.N.Y. 2007) (the court denied the defendant's motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party); Williams v. Platt, Civ. No. 03-281-C, 2006 WL 149024 at *2 (W.D. Okla. Jan.18, 2006) (unpublished) (the court denied the plaintiff's motion for an injunction noting that he had "not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or participation by the named defendants"). Moreover, once a court has issued an injunction against a party, that injunction may only be enforced against non-parties that are officers, agents, servants, employees, or attorneys of a party, or ones that are in active concert or participation with such non-parties or the party itself. Fed. R. Civ. P. 65(d)(2). To be bound by an injunction, a "non-party must have constructively had his day in court." Harris County, Tex. v. CarMax Auto Superstores Inc., 177 F.3d 306, 314 (5th Cir. 1999) ("the relevant inquiry is ... whether [the non-party] had such a key role in the corporation's participation in the injunction proceedings that it can be fairly said that he has had his day in court in relation to the validity of the injunction." ) (citation omitted) (emphasis in original).

Here, the only remaining defendants in this action are Superintendent David Good; Deputy Superintendent Michael F. Knott, Unit Manager Karen Nolan, Correctional Lieutenant Francis Pirozolla, and Facility Chaplaincy Program Director Ladd Oweyo, all of whom are employees at the State Correctional Institution at Cresson. Plaintiff seeks an injunction against employees at SCI-Somerset. This Court has no power to issue an injunction against such non-parties. Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

### III.  CONCLUSION

It is respectfully recommended that Plaintiff's Motion for Clarification of Plaintiff's Motion for Preliminary Injunction (ECF No. 199) be denied.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Rule 72 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.  Brightwell v. Lehman, ___ F.3d ___, 2011 WL 635274 (3d Cir. February 9, 2011).

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated:  April 20, 2011

cc:      Ronald Banks, DZ-5843
         SCI Somerset
         1600 Walters Mill Road
         Somerset, PA 15510